IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, ET AL., | ) | MOTION TO CONTINUE THE FINAL |
| | ) | PRETRIAL AND TRIAL DATES |
| Defendants. | ) | |

The United States of America, by and through the undersigned counsel, respectfully requests the Court continue the Final Pretrial, currently scheduled for July 22, 2024, and Trial, currently scheduled for August 12, 2024, for at least ninety (90) days, and for a commensurate extension of all dates and deadlines set forth in the Second Amended Criminal Pretrial Order and Trial Order. The undersigned has not conferred with opposing counsel, as they have all recently indicated their desire for the trial to proceed as scheduled. The United States requests the Court grant the continuance and enter an order pursuant to 18 U.S.C. § 3161(h)(7)(A), finding that such action outweighs the best interest of the public and the Defendants in a speedy trial.

In support of this motion, the United States respectfully asserts as follows:

I. **BACKGROUND**

On June 7, 2021, Defendant Paul Spivak was charged by Criminal Complaint and arrested the next day. (R. 1: Complaint, PageID 1). On June 23, 2021, the Grand Jury returned an Indictment charging Spivak with one count of conspiracy to commit securities fraud, a violation of 18 U.S.C. § 371. (R. 13: Indictment, PageID 42-53). On September 16, 2021, the Grand Jury returned a Superseding Indictment naming seven additional defendants, including Smirnova and

Scott, and adding new charges against Spivak. (R. 33: Superseding Indictment, PageID 282-323). Subsequently, the government produced voluminous, organized discovery to the Defendants, and worked to correct production problems. On September 7, 2022, the government notified the Court that it had substantially complied with its discovery obligations and responded to Defendants' discovery requests. (R. 142: Notice of Discovery Status, PageID 740-41).

Up to that point, the government had made six different productions to Defendants on various dates, including December 15, 2021, March 18, 2022, March 25, 2022, May 5, 2022, May 16, 2022, May 19, 2022, August 12, 2022, and September 7, 2022. As noted by the Court, the government produced "(1) fifty-eight recorded calls or meetings among Defendants; (2) three discs containing forty-eight days' worth of Mr. Spivak's indexed jail calls; (3) nearly 370,000 pages of processed grand jury subpoena returns; and (4) forensic images of the computers and devices seized and returned to US Lighting Group along with a list of where the devices were located when they were seized."  (R. 169: Order and Opinion, PageID 1124). In resolving the one discovery dispute the parties could not come to an agreement on regarding the format in which unreviewed data from twenty devices was to be produced to the Defendants, the Court noted that the United States had substantially complied with its discovery obligations. (Id., PageID 1133). On December 28, 2022, the government provided the re-extracted data from the twenty-seized devices. With the bulk of the discovery produced, between January and June 2023, the government made multiple smaller productions, including the disclosure of its expert witness, text messages requested by the defense, and a forensic report of Spivak's cell phone, among other items.

On June 29, 2023, the Grand Jury returned a Second Superseding Indictment, adding Defendant Bongiorno, who had decided not to plead guilty to an information, and adding three

2

obstructions charges against Spivak for conduct that took place after he was arrested in June 2021. (R. 206: Second Superseding Indictment, PageID 1409-64). On July 24, 2023, after the Second Superseding Indictment was unsealed, the Court suspended the schedule and set a status conference for September 2023. (R. 220: Order, PageID 1637). Six days later, Spivak discharged his attorneys and hired new counsel. (See R. 224: Motion to Withdraw, PageID 1661). In September and November 2023, counsel for Defendants represented that they continue to review the extensive discovery the government provided, and the Court afforded them additional time as was reasonably necessary to allow for the effective preparation of their respective cases and tolled the speedy-trial clock pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(i) and (ii). (R. 247, PageID 1788; R. 264, PageID 2086).

On January 16, 2024, the Court conducted a pretrial conference to discuss setting a pretrial and trial schedule, and based on the discussions at the conference, the Court set the schedule that set the currently scheduled trial date of August 12, 2024. (R. 300: Amended Pretrial Order 5 and Trial Order, PageID 2799-2815). The Court thoughtfully considered the length of time between pretrial dates to ensure the parties had enough time to prepare. Specifically, the Court and government counsel discussed the potential difficulty of reviewing the Defendants' reciprocal discovery and expert disclosures between their disclosure deadline of June 28, 2024, and the first trial document exchange between the parties, July 15, 2024. In May 2024, the undersigned had to unexpectedly request defense counsel to consent to a two-week extension of the Court's Discovery and Inspection deadline because of a serious, emergent health issue concerning an immediate family member that required the undersigned to be out of the office for most of late May. All defense counsel agreed but Defendant Spivak's counsel asked for a commensurate two-week delay for Defendants' discovery disclosure. Government counsel

3

made the request, which the Court granted, updating the schedule to reflect a new discovery deadline for Defendants on July 12, 2024. (R. 326: Second Amended Pretrial Order 5 and Trial Order, PageID 3194-3210). On July 8, 2024, the Court conducted a conference during which, among other items discussed, the government indicated it may be requesting a continuance because its lead and only attorney of record was departing the United States Attorney's Office near the end of July 2024. Subsequently, the Defendants all indicated their desire to proceed with the trial as scheduled.

On July 12, 2024, Defendants Spivak and Smirnova produced its expert disclosure and reciprocal discovery to the United States. That discovery production includes 509 documents comprised of 3682 pages. Defendant Scott also sent a link for the government to download its discovery production, but it did not work. The parties are working to resolve the technical problems. The government received Defendant Scotts' expert disclosure on July 16, 2024.

**II.    DISCUSSION**

This motion is not made only for delay but to ensure justice provides adequate time to (1) resolve discovery issues with Defendants' reciprocal productions before involving the Court, (2) reprocess and review Defendants' July 12, 2024, and forthcoming reciprocal discovery productions, (3) evaluate the Defendants' expert witness disclosures, and plan for any rebuttal experts, (4) work through a potential privilege issue raised by Spivak relative to the data his counsel requested from the seized USLG computers, (5) permit the orderly substitution of government counsel and reasonable time for effective preparation, taking into account the exercise of due diligence.

Evaluating the factors set forth in 18 U.S.C. § 3161(h)(7)(b)(i), (ii), and (iv), the Court should find that the ends of justice are served by delaying the trial for a limited amount of time and that such action outweighs the best interest of the public and the Defendants in a speedy trial.

A.  RECIPROCAL DISCOVERY

In its Order and Opinion regarding the format in which certain electronically stored information was to be produced to Defendants, the Court aptly noted that "[t]his white-collar criminal case involves voluminous discovery of electronically stored information more characteristic of complex civil litigation than a typical federal prosecution. As often happens, such discovery involves tremendous time and resources, and the parties encounter unforeseen technical and other hurdles associated with productions." (R. 169, PageID 1122-23). While that certainly appears to be the case with respect to Defendant Scott, and the parties have cooperatively, professionally, and diligently worked to resolve the issue, the government has not had any time to review the production or disclosures provided by counsel for Mr. Scott.

Regarding Defendants Spivak's and Smirnova's production, only about 20 of the documents, primarily emails, had *any* useful metadata. Unlike the organized, metadata-rich productions the government made to them, counsel for Spivak and Smirnova, perhaps unintentionally, produced over 500 unorganized, unnamed files for the government to review.[1] The metadata produced was primarily limited to Bates number, file size, hash value, and file type—filenames, file paths, dates, custodians, or any native information that would have to be produced in civil or criminal litigation was removed. On Monday, July 15, the United States

---

[1] For reference, Defendants Spivak and Smirnova produced the following: 393 PDFs, 54 images, 26 emails, 14 documents, 13 videos, four spreadsheets, two presentations, two audio files, and one text file.

5

contacted counsel for Defendants Spivak and Smirnova about the production issue but has not received a response. The undersigned hopes that the parties can continue to work "cooperatively, professionally, and diligently," see R. 169, PageID 1122, on this issue and others, such as the privilege concerns raised by counsel during the July 8, 2024 pretrial conference, as they have in the past.

With respect to expert disclosures, the government has now received the two expert disclosures made by the Defendants and will work diligently to review them and assess whether any rebuttal experts are needed. The same assessment is required when appropriate reciprocal discovery is received. Based on the volume of information, it is possible that two weeks would have been enough time to review all of the documents and plan any rebuttal. Yet the sanitation of metadata in the Spivak-Smirnova production makes it difficult to inform the Court how much time it will take to review and digest the materials provided. Although the government agreed to a two-week extension to the Defendants' discovery deadline, it did so, assuming the Defendants would produce reviewable material by the deadline. Based on the cooperation and professionalism all counsel have demonstrated throughout the three-year pendency of this complex case, the Court should find that, at the very least, equity requires additional time to be afforded to the United States to review reciprocal discovery.

B.     EFFECTIVE PREPARATION

For the purposes of the Speedy Trial Act, this case was declared complex. As previously discussed, its complexity, the volume of discovery, and Defendant Spivak's election to hire new counsel after he was charged with obstruction are the reasons it has been pending for three years. The government's request for a few more months so that replacement counsel can, with all due diligence, get up to speed on the facts, learn the evidence, and prepare to try the four defendants going to trial prejudices neither the Defendants' nor the public's interest in a speedy trial—

especially considering that no Defendant is in custody. The law recognizes that the United States, like the defendant in a criminal case, is entitled to continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv); *United States v. Marlow*, No. 3:18-CR-6-TWP-DCP, 2018 WL 4656227, at *1 (E.D. Tenn. Sept. 27, 2018) (granted the government's motion to continue trial by one week after the lead AUSA had a conflict). The United States merely requests a fraction of the time it would agree to as a matter of course if a defendant were to replace its attorney before trial.

### III. CONCLUSION

Given that the United States has diligently prepared this complex case for trial thus far and is only seeking a ninety-day continuance to afford the government (1) time to review reciprocal discovery and expert disclosures provided by Defendants mere days ago and (2) continuity in representation as new counsel prepares to try this complex case, the United States requests the Court find the ends of justice require a continuance and that such action outweighs the best interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i), (ii), and (iv).

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By: /s/ Alejandro A. Abreu
Alejandro A. Abreu (OH: 0089477)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3620
(216) 522-2403 (facsimile)
Alejandro.A.Abreu@usdoj.gov