# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:21-cr-491-3 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jonathan D. Greenberg |
| CHARLES SCOTT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

On February 12, 2025, Defendant Charles Scott was sentenced to a term of 42 months of imprisonment followed by a term of supervised release of 24 months. His report date was initially set for April 21, 2025. Defendant filed a notice of appeal on February 19, 2025 then moved for release pending appeal on April 7, 2025. To allow for adequate time to consider the motion, the Court extended Mr. Scott's report date to May 12, 2025.

## ANALYSIS

Pursuant to 18 U.S.C. § 3143(b), a defendant who has been sentenced shall be detained unless the court makes two findings. First, the court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* § 3143(b)(1)(A). Rule 46 of the Federal Rules of Criminal Procedure places the burden of making each of these showings on the defendant. "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the

defendant.  Fed. R. Crim. P. 46(c).  Second, the court must find that that the appeal is not for purposes of delay *and* raises a substantial question of law or fact likely to result in some disposition favorable to the defendant, ranging from reversal to a lesser sentence.  18 U.S.C. § 3143(b)(1)(B).

The statute "creates a presumption against release pending appeal." *United States v. Sutherlin*, 84 F. App'x 630, 631 (6th Cir. 2003).  Subsection (A) presumes dangerousness, which the defendant must overcome with clear and convincing evidence. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).  Under subsection (B), the defendant must raise a substantial question that is likely to result in reversal, a new trial, or other favorable disposition. *Sutherlin*, 84 F. App'x at 630 (citations omitted); *see also United States v. Sittenfeld*, No. 23-3840, 2024 WL 3025509, at *1 (6th Cir. May 15, 2024).  A substantial question means a "close question" on appeal that is "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (citing *United States v. Powell*, 761 F.2d 1227, 1233–34 (8th Cir.1985)).

To determine whether a question is substantial, "a judge must essentially evaluate the difficulty of the question he previously decided." *Sutherlin*, 84 F. App'x at 631 (*United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir.1986)).  "Since the district court is familiar with the case, the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal." *Pollard*, 778 F.2d at 1182.

2

I.   **Flight Risk and Dangerousness**

Mr. Scott has no criminal history and has complied with all conditions of his pretrial release. On March 27, 2025, Mr. Scott surrendered his passport. (ECF No. 562.) His compliance with pretrial conditions and the non-violent nature of his offenses provide clear and convincing evidence that he is not a flight risk and poses no danger to the community.

II.   **Substantial Question Under § 3143(b)**

Notwithstanding some concern that Defendant brings this motion for purposes of delay, particularly after not raising the issue at sentencing, the Court gives Mr. Scott the benefit of the doubt and turns to whether Defendant's appeal raises a substantial question within the meaning of the statute. Mr. Scott's motion focuses on the application of the new acquitted conduct guideline, so the Court begins its analysis there.

   **II.A.  Guideline Calculation**

Mr. Scott was sentenced to 42 months imprisonment. Defendant argues that his acquittal of wire fraud reflects the jury's finding that Mr. Scott lacked an intent to defraud investors, making his conviction based on improper trading practices as opposed to intent to deprive investors of their money. (ECF No. 571, PageID #11087–88.) He maintains that proper application of the newly enacted guideline for acquitted conduct in Section 1B1.3(c) would lower the loss amount, resulting in a guideline range of 10 to 16 months, instead of the guideline range of 87 to 108 months, which the Court calculated at sentencing. (*Id.*, PageID #11072.)

3

### II.A.1. Acquitted Conduct

The Court agrees that the language of this new guideline and its interplay with a conviction for a conspiracy charge presents difficult questions of first impression. At sentencing, the Court recognized the tension between conspiracy liability and the guideline's exclusion of acquitted conduct as relevant conduct.

### II.A.1.a. The Acquitted Conduct Guideline

Section 1B1.3 of the United States Sentencing Guidelines addresses the relevant conduct a court may consider in determining the guideline range for a particular defendant. Until recently, conduct of which a defendant was acquitted at trial could serve as relevant conduct because of the different standards of proof for finding guilt (proof beyond a reasonable doubt) and at sentencing (preponderance). *See United States* v. *Watts*, 519 U.S. 148, 156 (1997) (per curiam).

Effective November 1, 2024, Amendment 826 modified Section 1B1.3 to prohibit the consideration of acquitted conduct in determining a defendant's guideline range, adding subsection (c), which provides that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court." U.S.S.G. § 1B1.3(c). This new guideline comes with an important qualification: "unless such conduct also establishes, in whole or in part, the instant offense of conviction." *Id.* The amended guideline provides, in its entirety:

> *Acquitted Conduct.*—Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction.

*Id.*

In the run of cases, the line between acquitted conduct and "the instant offense of conviction" might prove fairly straightforward or, at least, manageable.  In a case involving a conspiracy, however, matters quickly become more complicated.  In conspiracy offenses, relevant conduct embraces "all acts and omissions committed . . . and in the case of a jointly undertaken criminal activity all acts and omissions of others that [are] [1] within the scope of the jointly undertaken criminal activity,  [2] in furtherance of that criminal activity, and [3] reasonably foreseeable in connection with that criminal activity."  U.S.S.G. § 1B1.3 cmt. n.3(A)–(B).  Even without accounting for acquitted conduct, identifying relevant conduct in a conspiracy can prove difficult because relevant conduct and the scope of a conspiracy are not necessarily the same.  *Id.* cmt. n.3(B).  To determine a defendant's accountability under the guidelines, "the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake (*i.e.*, the scope of the specific conduct and objectives embraced by the defendant's agreement)."  *Id.*  "Acts of others that were not within the scope of the defendant's agreement, even if those acts were known or reasonably foreseeable to the defendant, are not relevant conduct."  *Id.*

Against this backdrop, the new acquitted conduct guideline in Section 1B1.3(c) makes what might appear to be a modest change, removing from the equation responsibility for conduct for which a defendant was federally charged and acquitted.  For a defendant such as Mr. Scott, however, whose conduct the record shows extends to the ends of the conspiracy, the jury's verdict of guilty on the conspiracy stands in some tension with acquittal on underlying substantive offenses.  To be clear, that

5

tension arises only for guideline purposes—specifically, determining the loss amount. Put another way, a conspiracy may—as in this case—subsume underlying substantive counts such that, when determining the guideline range, not taking that conduct into account understates the conduct at issue in the conspiracy, notwithstanding an acquittal on an underlying charge. Recognizing the complexity of the issue, the Sentencing Commission explained in a podcast that it did not "try and come up with a resolution to every single murky case. [The Commission] actually left it to the discretion of the federal judge who hopefully sat through that trial and will be able to better parse through" the record. *Sentencing Practice Talk: Episode 27, Part 2*, United States Sentencing Commission (Oct. 31, 2024).

Based on its study and analysis of this issue since the jury returned its verdicts, the Court determines that the "unless" clause in the new acquitted conduct guideline in Section 1B1.3(c) does a lot of work to address this problem. That is, where the offense of conviction also establishes what would otherwise be acquitted conduct, then the sentencing court may take the acquitted conduct into account in its guideline calculation. A new application note confirms this reading of the guideline:

> Subsection (c) provides that relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction. There may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction. In those cases, the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct.

U.S.S.G. § 3B1.3(c) cmt. n.10.  In short, when calculating the guideline range, a court may consider any evidence of the total loss within the scope of the conspiracy, even if a jury acquitted a defendant of some conduct accounting for some specific losses.

### II.A.1.b. Conduct Underlying the Count 2 Conspiracy

At trial, Mr. Scott was convicted of conspiracy to commit securities fraud (Count 2) and securities fraud (Count 20) but acquitted on two counts of wire fraud (Count 45 and Count 47).  The jury was instructed that intent to defraud is an essential element of securities fraud and that good faith is a complete defense.  By returning guilty verdicts on both securities fraud and conspiracy to commit securities fraud, then, the jury necessarily found that Mr. Scott acted with the intent to defraud or engaged in a fraud.  At trial, the evidence established that the fraud involved artificially manipulating the price of USLG stock.  This conduct subsumes the specific transactions involved in the two wire fraud counts, and it is difficult to tease out those transactions for guideline purposes.  Therefore, the record supports the determination that Mr. Scott's conduct establishes his participation in the Count 2 conspiracy and responsibility for its full intended loss amount such that Section 1B1.3(c) does not bar its use in calculating the loss amount.

### II.A.2. Intended Loss

Relatedly, Defendant takes issue with the Court's calculation of the loss amount.  Under U.S.S.G. § 2B1.1 cmt. n.3(B), the court "need only make a reasonable estimate of the loss."  The loss amount determined by the court "is entitled to appropriate deference."  *Id*.

At sentencing, the Court heard arguments on the intended loss amount in the presentence investigation report, which added 18 points to Mr. Scott's offense level based on a loss exceeding $3.5 million. (ECF No. 549, PageID #10471–93.) Notwithstanding the acquitted conducted guideline, the Court found based on the record that the conspiracy intended the totality of the loss. The Court calculated that amount as approximately $3.25 million, based on the number of shares Mr. Scott and one of his co-Defendants contributed to the scheme and a $0.30 per-share value from the time, reducing the enhancement to 16 levels.

### II.A.3. Harmless Error

Defendant's reliance on the wire fraud acquittals does not change the analysis. The applicable Guidelines range for Mr. Scott was 87 to 108 months, based on a total offense level of 29 and a Criminal History Category of I. (ECF. No 549, PageID #10529.) And he argued for a guideline range of 10 to 16 months. However one calculates the guideline range for Mr. Scott, the Court made clear at sentencing that the appropriate sentence in this case is a variance. (ECF No. 549, PageID #10557.) Under 18 U.S.C. § 3553(a), the Court found that a sentence of 42 months was sufficient but not greater than necessary. (ECF No. 549, PageID #10551–57.) Further, the Court found that it "would have imposed the same sentence even if that might have involved an upward variance." (*Id.*, PageID #10563.)

"If the record shows that the district court would have imposed its sentence regardless of the Guidelines range, then an error in calculating the Guidelines range is harmless." *United States v. Morrison,* 852 F.3d 488, 491 (6th Cir. 2017); *see also Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). Based on the record as

8

a whole, including from presiding at trial, the Court cannot say that Mr. Scott's appeal is likely to result in a sentence that does not involve a term of imprisonment or one shorter than the amount of time Mr. Scott will spend in custody between May 12, 2025 and the conclusion of his appeal. *See* 18 U.S.C. § 3143(b)(1)(B)(iii) & (iv).

### II.B. Other Issues

Defendant indicates that he will also challenge his conviction based on the "deliberate ignorance" jury instruction and certain evidentiary issues arising from his co-conspirator's guilty plea on the morning of trial. (*Id.*, PageID # 11072.) Because the trial transcript is not yet available, Mr. Scott does not develop an argument based on either issue. (*Id.*) Without the benefit of arguments developed in the motion or in a post-trial motion, the Court is unable to assess whether Defendant presents any substantial question. Therefore, he fails to carry his burden on these issues.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for release pending appeal.

**SO ORDERED.**

Dated: April 22, 2025

    J. Philip Calabrese
    United States District Judge
    Northern District of Ohio